Filed 6/10/22  Ioane v. Cal. Dept. of Real Estate CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL SCOTT IOANE, SR., Plaintiff and Appellant, v. CALIFORNIA DEPARTMENT OF REAL ESTATE, Defendant and Respondent. | F082864 (Super. Ct. No. 20CV-02520) **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Michael Scott Ioane, Sr., in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Tamar Pachter, Assistant Attorney General, Molly K. Mosley and Robert E. Asperger, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

[*]       Before Franson, Acting P. J., Peña, J. and Smith, J.

Plaintiff Michael Scott Ioane, Sr., appeals from a judgment denying his petition for writ of administrative mandate challenging the revocation of his broker's license by the Commissioner of the Department of Real Estate (DRE). The basis for the revocation was Ioane's failure to report information about a 2012 felony conviction in his broker renewal application. Ioane contends (1) the grounds for discipline stated in the DRE's accusation did not provide him adequate notice of the grounds ultimately relied upon by the DRE, (2) the superior court erred by relying on a ground not relied upon by the DRE, and (3) he provided truthful answers on the renewal application, the DRE already had a file containing information about the federal criminal case, and he supplied the details when asked for a supplemental disclosure by the DRE. As explained below, we reject these contentions.

We therefore affirm the judgment.

## FACTS

In December 1988, the DRE issued Ioane a restricted real estate broker license. In May 1991, the DRE issued an unrestricted real estate broker license to him.

In April 2009, an indictment was filed in the United States District Court, Eastern District of California, charging Ioane and two other defendants with conspiring to defraud the United States (18 U.S.C. § 371) and presenting false or fictitious financial documents to the Internal Revenue Service (18 U.S.C. §§ 2, 514).

In October 2011, a federal jury found Ioane guilty on one felony count of conspiracy to defraud the United States and four felony counts of presenting false or fictitious financial documents. In January 2012, the district court sentenced Ioane to 108 months in prison, running concurrently with supervised release for 36 months.

In August 2015, while in prison, Ioane told his wife to complete and submit a broker renewal application to the DRE. He provided directions to her over the telephone and told her to sign the application on his behalf. Item 16 of the application asked if the

applicant had been convicted of any violation of the law at the misdemeanor or felony level within the prior six-year period. Ioane's wife marked the box designated "Yes." Item 16 also instructed the applicant to complete item 22 for all such convictions. On the dotted line immediately before the yes and no boxes in item 16, Ioane's wife typed: "You have file."

Item 22 contains eight columns with headings for (1) the name and address of the court of conviction, (2) the arresting agency, (3) the date of conviction, (4) whether the conviction was for a felony or misdemeanor, (5) the code section violated, (6) the code violated, (7) the disposition (i.e., the sentence), and (8) the case number. Ioane's renewal application contained no information in response to item 22. Ioane's wife did not provide the conviction details because Ioane told her that the DRE would have the conviction information and "not to worry about it." He also told her that if the DRE wanted more information about his convictions he would " 'figure it out.' "

The instructions to item 22 require the applicant to complete one line for each conviction. If the applicant is unable to provide the information, the instructions require all the requested information the applicant can obtain, with an explanation for the missing information. Item 28 is designated "SIGNATURE OF APPLICANT (MUST BE AN ORIGINAL SIGNATURE)" and appears immediately after four paragraphs labeled "Broker Certification." The first sentence of the certification states: "I certify under penalty of perjury that the answers and statements given in this application are true and correct and that if licensed I will not violate any provisions of the Real Estate Law nor abuse the privileges of a real estate licensee." Ioane's wife signed his name and entered August 19, 2015, as the date.

On September 28, 2015, the DRE sent Ioane a letter stating some of the required contact information was missing from his renewal application. The letter asked for three telephone numbers and a business email address. Ioane filled in the letter's blanks

3

with the required telephone numbers and email address. The completed letter was received by the DRE on November 30, 2015.

In a letter dated December 11, 2015, the DRE advised Ioane that his "renewal application contained a violation conviction question that was either not answered or did not include sufficient explanation." The letter's first question asked if Ioane had ever been convicted of any violation of law. Ioane answered "Yes." Based on this answer, the letter directed Ioane to "provide the date of conviction, a brief description of exactly what the conviction was for, the type of code and the code number that you were convicted of, whether it was a misdemeanor or felony at the time the conviction occurred, the original sentences imposed, and charges in disposition." The letter also instructed Ioane to provide a complete disclosure in part III, to personally sign where indicated on the form, and to sign each page of any additional attachments.

In the blank area of the letter's part III, Ioane explained two misdemeanor convictions that occurred before he received his license. The administrative law judge found his supplemental disclosure did not include an additional page. Immediately below part III, Ioane signed and dated the supplemental disclosure. Ioane's petition asserted the supplemental disclosure mailed to the DRE included a third, handwritten page describing two misdemeanor convictions in 1999 and the federal felonies involving a conspiracy to evade payment of tax and related aiding and abetting charges. The supplemental disclosure stated that the federal tax was owed by his clients (a corporate business of a doctor and his wife), no restitution was owed, and the doctor was paying the $207,000 in taxes owed.

In June 2017, Ioane sent a letter to the DRE that attached a complete copy of the supplemental disclosure, which included the third, handwritten page describing his federal conviction. He also stated he was appealing the conviction and enclosed a copy of filings made in the Ninth Circuit and United States Supreme Courts.

4

In July 2017, the DRE filed an accusation against Ioane alleging he concealed and failed to disclose his 2012 federal felony convictions in his responses to items 16 and 22 of the original broker renewal application. The accusation alleged Ioane's failure to report the conviction was an attempt to procure a license renewal by fraud, misrepresentation or deceit, which was cause for revocation of his real estate license. In response to the accusation, Ioane submitted a notice of defense to the DRE. Ioane's notice of defense asserted that the accusation was false and that Ioane had made a full and complete disclosure of all convictions in his December 2015 supplemental disclosure.

In January 2018, the DRE issued an order suspending Ioane's license and notifying him of his rights to a hearing. The order was mailed to Ioane at the Taft Correctional Institution. Ioane requested a hearing and stated he was currently under a legal disability. In August 2019, the license expired and it has not been renewed.

On June 23, 2020, a telephonic hearing was held before an administrative law judge of the Office of Administrative Hearings. In July 2020, the administrative law judge issued her proposed decision. The decision's factual findings 5 through 8 described Ioane's wife's completion of the renewal application and the responses given to items 16 and 22. The factual findings also described the testimony of Ioane and his wife about the completion of the renewal application and the various assumptions he made. Ioane stated that (1) he did not possess detailed information about his convictions because of his incarceration; (2) he assumed the DRE " 'had some responsibility' " for locating the information; (3) the DRE knew about the conviction and that he was incarcerated; and (4) he assumed the DRE " 'did regular checks' " on his criminal background. Ioane also stated he assumed the California Franchise Tax Board, which also had a case against him, had all his conviction information and " 'would have sent its file to [the] DRE.' "

The administrative law judge addressed the accusation's charges in the following findings:

"The instructions clearly stated that he was to provide an explanation for missing conviction information. Even if [Ioane] did not have detailed conviction information with him in prison, he could have said so in Item 22, but chose not to do so. His omissions were serious. He was careless in assuming his 'Yes' and 'You have file' responses to Question 16 were adequate to answer the clearly stated directions provided by the application. [Ioane's] failure to disclose conviction details on his application constitutes an attempt to procure a license renewal by fraud, misrepresentation, or deceit.… In addition to his intentional omissions, [Ioane] was dishonest when he had Mrs. Ioane complete and forge his signature on the application under penalty of perjury, and certifying that all of the information in the application was true and correct. [Ioane] is reminded that holding a real estate license is a privilege, and his conduct in this case was an abuse of that privilege.

"[¶] … [¶]

"[Ioane] claimed there is no basis for revocation of his license because he provided his conviction details to DRE in the supplemental disclosure. [Ioane's] testimony in this regard was unpersuasive. He disclosed his conviction details in a supplemental disclosure, only after failing to provide his conviction details on his application. His obligation was to first provide his conviction details on the application, not for the first time in the supplemental disclosure."

The legal conclusions in the proposed decision stated that cause existed to revoke Ioane's license because he "failed to disclose his convictions on his application, constituting an attempt to procure a license renewal based on fraud, misrepresentation, or deceit, based on Factual Findings 5 through 8, and 15 through 20." The decision also noted that Ioane's convictions, which involved conspiracy and fraud, had *not* been alleged as a basis for discipline.

On August 5, 2020, the DRE filed the administrative law judge's proposed decision. A week later, the DRE's Commissioner adopted the proposed decision in full.

6

In September 2020, Ioane filed a petition for writ of mandate and requested an immediate stay or injunctive relief. The petition asserted, among other things, that the DRE failed to prove he tried to renew his broker's license by misrepresentation, fraud or deceit. In Ioane's view, the DRE merely proved the details of his felony conviction were not supplied on the original license renewal application.

After the administrative record was lodged with the superior court and the parties filed their briefs, the court issued a tentative ruling and then held a hearing on April 12, 2021. The superior court denied Ioane's petition for writ of administrative mandate, which had the effect of confirming the revocation. The court's written order stated:

> "[Ioane's] conviction for conspiracy to defraud by itself constituted sufficient grounds for license revocation; however, [he] compounded this deception by concealing the fact of his incarceration. Exercising its independent judgment, this court finds that the Commissioner proper[l]y determined that [Ioane] was subject to profess[s]ional discipline and the Commissioner did not abuse his discretion by determining that the approp[ri]ate discipline was license revocation. This Court further finds that, under the circumstances, revocation of [Ioane's] license is in the Public's Interest."

On April 29, 2021, the superior court filed a judgment stating it had issued an order denying the petition for writ of mandate, dismissing the action in its entirety, and awarding the DRE its costs of suit. A notice of entry of judgment was filed in June 2021. Ioane filed a timely appeal.

**DISCUSSION**

I. JUDICIAL REVIEW OF LICENSE REVOCATIONS

    A. <u>Superior Court Review</u>

Superior court review of administrative decisions is governed by Code of Civil Procedure section 1094.5, which states in relevant part:

7

"(b) The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

"(c) Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence."

"The statute distinguishes between 'cases in which the court is authorized by law to exercise its independent judgment on the evidence' [citation] and cases in which the court is not so authorized." (*Kazensky v. City of Merced* (1998) 65 Cal.App.4th 44, 51 (*Kazensky*).) Sometimes the authority to exercise independent judgment is statutory. (*Ibid.*) Other times the authority exists because "the order or decision of the agency substantially affects a fundamental vested right .…" (*Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32.) In cases involving a fundamental vested right, the superior court must determine whether there has been an abuse of discretion because the findings are not supported by the evidence. In conducting this inquiry, the superior court must exercise its independent judgment on the evidence and must find an abuse of discretion if the agency's findings are not supported by the weight of the evidence. (*Ibid.*; see *Kazensky*, at p. 51.)

Here, it is undisputed that the DRE's revocation of Ioane's license affected a fundamental vested right. A "real estate broker's license is a 'vested' right." (*Milner v. Fox* (1980) 102 Cal.App.3d 567, 571, fn. 5.) As a result, "the administrative decision is reviewed by means of a limited trial de novo in which the trial court not only examines the record for errors of law but also exercises its independent judgment upon the *weight*

8

of the evidence produced before the administrative agency, together with any further evidence properly admitted by the court." (*Ibid*.)

B.      Appellate Court Review

" 'Where a superior court is required to make such an independent judgment upon the record of an administrative proceeding, the scope of review on appeal is limited. An appellate court must sustain the superior court's findings if substantial evidence supports them.' " (*Kazensky*, *supra*, 65 Cal.App.4th at p. 52.)  When reviewing the evidence, appellate courts resolve all conflicts in favor of the party prevailing in the superior court and give that party the benefit of every reasonable inference in support of the judgment. (*Ibid*.)  An appellate court may not substitute its inferences for those of the superior court. (*Ibid*.)

A superior court's potential errors are not limited to making findings that are based on insufficient evidence.  A superior court's decision also is subject to reversal if it "is based on an erroneous conclusion of law" or if the court "failed to make a necessary factual determination." (*Kazensky*, *supra*, 65 Cal.App.4th at p. 53.)

In this appeal, Ioane invokes the legal principle that " 'an agency's order must be upheld, if at all, "on the same basis articulated in the order by the agency itself." ' " (*Pacific Gas & Electric Co. v. Public Utilities Com.* (2000) 85 Cal.App.4th 86, 96–97.)

II.     IOANE'S CLAIMS OF REVERSIBLE ERROR

As described below, a consistent thread running through this case is Ioane's failure to accurately interpret written documents.  Those written documents include the renewal application, the accusation, the DRE's decision, and the superior court's decision.  We conclude those documents are subject to the rules applied to determine the meaning of any other writing. (See *Panterra GP, Inc. v. Superior Court* (2022) 74 Cal.App.5th 697, 708 [appellate courts independently construe pleadings]; *Mendly v. County of Los Angeles* (1994) 23 Cal.App.4th 1193, 1205 [meaning of a court order or judgment

9

determined under same rules applied to other writings]; *Verner v. Verner* (1978) 77 Cal.App.3d 718, 724 [same].)

A.     Grounds Alleged in the Accusation

First, we consider Ioane's argument about whether the accusation adequately notified him of the causes for discipline. Paragraph 3 of the accusation refers to items 16 and 22 of the renewal application and asserts Ioane "concealed and failed to disclose the conviction described below in Paragraph 4." Paragraph 4 referred to the federal felony convictions for conspiracy to defraud the United States and four counts of presenting false or fictitious documents.

The grounds for discipline were stated in paragraph 5 of the accusation as Ioane's "failure to report the conviction described above in Paragraphs 3 and 4," which failure constituted cause under Business and Professions Code section 10177, subdivision (a) for suspension or revocation of his license, as an "attempt to procure a license renewal by fraud, misrepresentation, or deceit."

Ioane's argument on appeal refers to the factual finding No. 18 in the DRE's decision. That finding mentions Ioane's argument that he provided his conviction details to the DRE in the supplemental disclosure and treats Ioane's argument as beside the point. In particular, the finding stated: "[Ioane] disclosed his conviction details in a supplemental disclosure, only after failing to provide his conviction *details* on his application. His obligation was to first provide his conviction *details* on the application, not for the first time in the supplemental disclosure." (Italics added.) In comparing the wording of the accusation to the wording of the DRE's decision, Ioane contends the suspension cannot stand because the "accusation was failure to disclose, not failure to supply details." As described below, we conclude Ioane's "failing to provide his conviction details on his application," which is the ground given in the DRE's decision, is

10

the equivalent of the "failure to report the conviction" stated in paragraph 5 of the accusation.

First, paragraphs 3 and 4 of the accusation plainly refer to Ioane's responses to items 16 and 22 in the renewal application and the "failure to report" the federal convictions. Reading the accusation's phrase "failure to report" together with the other language used in paragraphs 3 through 5 of the accusation and with the instructions in the renewal application, the only reasonable interpretation of that phrase is that Ioane failed "to report [the information about] the convictions" in accordance with the requirements of item 22's instructions. Those instructions and the heading to the eight columns in item 22 required Ioane to report specific information (i.e., details) about his conviction, which he did not do.

Second, the DRE's decision referred to Ioane's "failing to provide his conviction details *on his application*" as the ground for revoking his license. (Italics added.) This reference to conviction details on the application (as opposed to the supplemental disclosure) plainly means the specific information required by item 22.

Based on the foregoing interpretation of the accusation and the DRE's decision, we reject Ioane's contention that his right to due process was violated because (1) the accusation did not give him adequate notice of the grounds for the revocation, or (2) the DRE's decision to revoke his license was based on grounds different from those set forth in the accusation. In short, Ioane's interpretations of the allegations in the accusation and of the basis for the DRE's decision are not accurate.

B.     Grounds for Superior Court's Decision

Ioane also contends the superior court's decision was based on a ground not invoked by the DRE. Ioane supports this contention by quoting the following portion of the superior court's order: "[Ioane's] conviction for conspiracy to defraud by itself

11

constituted sufficient grounds for license revocation; however, [he] compounded this deception by concealing the fact of his incarceration."

Ioane's argument, like his renewal application, omits language that is important to determining the document's meaning. Ioane's argument implies that the foregoing sentence is the actual basis upon which the superior court upheld the DRE's decision. It is not. The superior court's decision went on to state:

> "Exercising its independent judgment, this court finds that the Commissioner proper[l]y determined that [Ioane] was subject to profess[s]ional discipline and the Commissioner did not abuse his discretion by determining that the approp[ri]ate discipline was license revocation. This Court further finds that, under the circumstances, revocation of [Ioane's] license is in the Public's Interest."

This statement shows the superior court applied the correct standard of review—that is, independent judgment—and determined the DRE's Commissioner properly determined Ioane was subject to discipline. The statement about a proper determination must be read in context, which is provided in part by the DRE's decision. The DRE's decision explicitly stated that Ioane's "convictions, though not alleged as a basis for discipline here, involved conspiracy and fraud" and were substantially related to the qualifications of a real estate licensee. As a result of this statement and the cause for revocation explicitly stated in the DRE's decision, the DRE determined Ioane was subject to discipline because he failed to disclose his convictions on the original renewal application in accordance with the instructions to items 16 and 22.

As a result, the superior court's determination, which was based on the court's independent judgment that the DRE's Commissioner properly determined license revocation was the appropriate discipline, is reasonably interpreted as meaning the superior court found Ioane failed to provide details about his federal convictions in accordance with the renewal application's instructions and, moreover, that failure was

12

deceitful. Thus, reading the entire superior court decision, we interpret it as establishing the superior court did not rely on a ground different from that relied upon by the DRE.

C.      Truthful Answers

Ioane contends he gave truthful answers on the renewal application and, therefore, the DRE's determination that he attempted to procure a license renewal based on fraud, misrepresentation, or deceit cannot stand. We reject this contention because he did not provide any information in response to item 22 of the renewal application. His omission of the required information qualifies as fraud or deceit because the administrative law judge, the DRE's Commissioner, and the superior court all could infer an intention to deceive because (1) some of the information was available to Ioane and (2) Ioane failed to follow the instructions and provide an explanation for why that information was not available. That explanation would have informed the DRE that Ioane was in prison.

Based on the information in the administrative record about Ioane's federal convictions, it is highly improbable (and, therefore, not believable) that Ioane could not provide the name of the court and the city where he was convicted. While he might have forgotten the street address, the triers of fact reasonably could have found it was improbable that he forgot where his jury trial was held and that it was a federal court proceeding. Similarly, it is improbable he would have been unable to remember if he was convicted of felonies or misdemeanors. As a result, we conclude the superior court's finding of deceit, like the DRE's finding, is supported by substantial evidence. Ioane's contention that "there is simply no evidence of fraud, dishonesty or deceit, i.e., suppression of a fact, by one bound to disclose it" misses the point that substantial evidence can be circumstantial. In other words, there does not need to be direct evidence of his state of mind. As our Supreme Court has stated in criminal appeals: " 'Evidence of a defendant's state of mind is almost inevitably circumstantial, but circumstantial evidence is as sufficient as direct evidence to support a conviction.' " (*People v. Nguyen*

13

(2015) 61 Cal.4th 1015, 1055.)  This principle applies with equal force to findings made in civil proceedings.  For instance, in *Gemini Aluminum Corp. v. California Custom Shapes, Inc.* (2002) 95 Cal.App.4th 1249, the Fourth District quoted an earlier case for the principle that " '[a] subjective state of mind will rarely be susceptible of direct proof; usually the trial court will be required to infer it from circumstantial evidence.' " (*Id.* at p. 1263.)  Here, the superior court's finding of Ioane's intent to deceive is supported by substantial, circumstantial evidence.

In summary, Ioane has failed to demonstrate either the DRE or the superior court committed reversible error.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

14